# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

|  |  |
|---|---|
| IN RE: RBC DAIN RAUSCHER OVERTIME LITIGATION | Civil No. 06-3093 (JRT/FLN) <br><br> **MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Gerald D. Wells, III, **BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**, 280 King of Prussia Road, Radnor, PA 19087; Mark Thierman, **THIERMAN LAW FIRM**, 7287 Lakeside Drive, Reno, NV 89511; Vernon J. Vander Weide, **HEAD SEIFERT & VANDER WEIDE**, 333 South Seventh Street, Suite 1140, Minneapolis, MN 55402-2421, for plaintiffs.

Alison B. Willard, **MORGAN LEWIS & BOCKIUS LLP**, 77 West Wacker Drive, Fifth Floor, Chicago, IL 60601, for defendant.

This case is a putative class action brought on behalf of securities brokers against defendants Royal Bank of Canada Capital Markets Corporation, RBC Dain Rauscher, Inc., and RBC Global Debt Markets (collectively, "RBC"). The action includes a putative nationwide class alleging a claim under the Fair Labor Standards Act; separate putative state law classes alleging claims under California, Florida, and New York labor laws; and an additional putative class alleging a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"). The ERISA claim concerns funds contributed to a deferred compensation plan. RBC deemed the funds forfeited upon the termination of an individual's employment, and plaintiffs argue that this violated ERISA vesting

provisions.  RBC now moves to dismiss the ERISA claim under Rule 12(c) of the Federal

Rules of Civil Procedure.  For the reasons given below, the Court denies that motion.

## BACKGROUND

Plaintiffs are all securities brokers who either are currently employed by RBC or

were employed by RBC in the past.  They allege a variety of wage and overtime-based

claims under state and federal law.  In their Fifteenth Cause of Action, plaintiffs

Christopher Kennedy and David Brodsky, acting on behalf of a putative nationwide class,

allege violations of ERISA.  (*See* Second Am. Compl., Docket No. 77, ¶¶ 6, 164-70.)

Plaintiffs allege that RBC "induced and/or required" them to contribute to a

deferred compensation plan (the "Plan").  (*Id.*, ¶¶ 6, 164.)  According to plaintiffs, RBC

characterized the Plan as exempt from ERISA, under an exception for plans maintained

for "a select group of management or highly compensated employees."  *See* 29 U.S.C.

§ 1051(2).  RBC indicated that all funds placed in the Plan, including employee

contributions, are forfeited when an employee is terminated.  (Second Am. Compl.,

Docket No. 77, ¶¶ 6, 164.)

Plaintiffs contend that the Plan is not exempt from ERISA, because it involves

more than "a select group of management or highly compensated employees."  (*Id.*,

¶¶ 166-68.)[1]  Thus, plaintiffs argue, the employee contributions to the Plan must be

considered vested, without the possibility of forfeiture.  (*Id.*, ¶ 166.)  Plaintiffs seek

---

[1] Plaintiffs also allege that the payroll deductions paid into the deferred compensation
plan violated California state law.  (Second Am. Compl., Docket No. 77, ¶ 165.)  That claim is
not at issue in this motion.

restitution for all amounts contributed to the Plan by employees or contributed to the Plan on their behalf.  (*Id.*, ¶ 170.)  RBC moves for partial judgment on the pleadings on plaintiffs' ERISA claim, arguing that plaintiffs failed to name the proper defendants and failed to exhaust remedies available within the Plan itself.

## ANALYSIS

### I.    STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings."  A motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Westcott v. Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  In reviewing a complaint under Rule 12(b)(6), the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the non-moving party.  *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001).  However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  In sum, a plaintiff must state "a claim to relief that is plausible on its face."  *Id*. at 1974.

### II.    PROPER DEFENDANTS

The Court first addresses whether this claim must be dismissed because plaintiffs have failed to name appropriate defendants.  Plaintiffs indicated at the hearing that they

intend to bring a fiduciary duty claim, which arises under 29 U.S.C. § 1132(a)(3), rather than a denial of benefits claim under § 1132(a)(1)(B).[2]   To bring an ERISA claim alleging a breach of fiduciary duty, the plaintiff must name defendants who qualify as fiduciaries with respect to the disputed benefit plan.   "[A] person is a fiduciary with respect to a plan to the extent . . . he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets."   29 U.S.C. § 1002(21)(A).

Here, plaintiffs contend that the Plan's assets are commingled with the assets of RBC and are under RBC's control.   In addition, the Plan includes provisions allowing amendments of the Plan by RBC and its Board of Directors.   (*See* Answer, Docket No. 85, § 9.1.)   While the nature of RBC's control of the Plan assets is a factual question that may well be addressed further by the parties on summary judgment or at trial, plaintiffs' allegations are plainly sufficient to survive a motion to dismiss.   Accordingly, RBC's motion is denied as to the question of whether plaintiffs have named the proper defendants.

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

ERISA does not contain an express requirement that employees exhaust contractual remedies prior to bringing suit.   *Conley v. Pitney Bowes*, 34 F.3d 714, 716

---

[2] Although this construction of plaintiffs' claim makes it significantly easier for plaintiffs to survive RBC's motion to dismiss, the Court notes that it will have additional consequences should this claim proceed to trial.   Plaintiffs alleging statutory fiduciary duty claims under ERISA are merely entitled to "classic equitable remedies, such as injunctive, resitutionary, or mandamus relief," and are not entitled to "compensatory damages."   *Knieriem v. Group Health Plan, Inc.*, 434 F.3d 1058, 1061 (8th Cir. 2006) (citations and internal quotation marks omitted).

(8th Cir. 1994).   ERISA requires, however, that every plan "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133.   "Federal courts applying ERISA have uniformly concluded that benefit claimants must exhaust the[se] review procedures . . . before bringing claims for wrongful denial to court."  *Kinkead v. Sw. Bell Corp. Sickness & Accident Disability Benefit Plan,* 111 F.3d 67, 70 (8th Cir. 1997).  The plan at issue here indisputably contains provisions for challenging claim denials, (*see* Answer, Docket No. 85, §§ 7.2-.4), and plaintiffs do not allege in their pleadings or brief that they have made any effort to invoke these procedures.

Several courts elsewhere, however, have held that exhaustion is not required where the plaintiff alleges a statutory violation of ERISA – such as a breach of fiduciary duty under § 1132(a)(3) – as opposed to a claim alleging a denial of benefits brought under § 1132(a)(1)(B).  *See, e.g.*, *Smith v. Snydor*, 184 F.3d 356, 365 (4th Cir. 1999) (listing decisions of five circuit courts holding that exhaustion was not required because plaintiffs alleged statutory violations).  *But see Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 649-50 (7th Cir. 1996) (holding that a district court had discretion to require exhaustion in a case alleging an ERISA statutory violation); *Mason v. Cont'l Group, Inc.*, 763 F.2d 1219, 1226-27 (11th Cir. 1985) (holding that exhaustion is required in fiduciary duty cases).

While the Eighth Circuit has not spoken directly on whether exhaustion is required for statutory fiduciary duty claims brought under ERISA, it has considered the similar

question of whether exhaustion is required when plaintiffs allege violations of § 510 of ERISA, which prohibits discrimination or retaliation against employees who invoke their right to benefits. The circuit did not reach the question of whether exhaustion is required for all claims brought under § 510, but held that it is not an abuse of discretion to require exhaustion "where resolution of the § 510 issue turns on an interpretation of the ERISA benefits plan at issue." *Burds v. Union Pac. Corp*., 223 F.3d 814, 817-18 (8th Cir. 2000). This is consistent with the Fourth Circuit's handling of statutory fiduciary duty claims in *Smith*, which held that exhaustion is required "where the resolution of the claim rests upon an interpretation and application of *an ERISA-regulated plan*," but not where it rests upon "an interpretation and application of *ERISA*." 184 F.3d at 362 (emphasis original). This is also consistent with the frequent observation that exhaustion may be less productive in cases focused primarily on statutory interpretation – as opposed to plan interpretation – because those questions are less likely to fall within the expertise of plan administrators. *See, e.g.*, *Zipf v. Am. Tel. & Tel. Co*., 799 F.2d 889, 892-93 (3d Cir. 1986). In light of that background, the Court presumes that the Eighth Circuit would address ERISA fiduciary duty claims using the approach explained at length in *Smith* and foreshadowed in *Burds*, and would focus its analysis on whether plaintiffs' claim hinges on an interpretation of the plan or hinges on an interpretation of ERISA.

Applying that approach here, the Court concludes that plaintiffs' allegations are sufficient to survive a motion to dismiss. In their complaint, plaintiffs clearly indicate that their dispute is not over RBC's interpretation of the terms of the disputed benefit plan. Rather, plaintiffs indicate that the dispute hinges on whether the Plan as a whole is

exempt from ERISA, pursuant to the specific statutory exception for plans for "a select group of management or highly compensated employees."  (Second Am. Compl., Docket No. 77, ¶¶ 166-69.)   In those circumstances – at a stage of the proceedings when plaintiffs are entitled to the most favorable reading of their allegations – the Court agrees that plaintiffs have adequately pled a claim that is not barred by the exhaustion requirement.  If this claim ultimately hinges on this Court's interpretation of the "select group" clause, this dispute would likely have gained very little from a round of appeals brought under the Plan itself, and exhaustion of those internal steps would not be required under Eighth Circuit law.  Accordingly, RBC's motion to dismiss is denied as to its claim that plaintiffs have failed to exhaust administrative remedies provided by the Plan itself.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that RBC's motion for judgment on the pleadings [Docket No. 86] is **DENIED**.


DATED:  May 13, 2009
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge