UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

|  |  |
|---|---|
| IN RE: RBC DAIN RAUSCHER<br>OVERTIME LITIGATION | Civil No. 06-3093 (JRT/FLN)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

Peter Muhic, **KESSLER TOPAZ MELTZER & CHECK, LLPC**, 280 King of Prussia Road, Radnor, PA 19087; David Rosen, **ROSE, KLEIN & MARIAS LLP**, 801 South Grand Avenue, 11th Floor, Los Angeles, CA 90071; John Halebian, **LOVELL STEWART HALEBIAN LLP**, 61 Broadway, Suite 501, New York, NY 10006, for plaintiffs.

Sari Alamuddin, **MORGAN LEWIS BOCKIUS LLP**, 77 West Wacker Drive, 5th Floor, Chicago, IL 60604, for defendant.

On February 23, 2012, the Court heard the Joint Motion for Final Approval of Class and Collective Action Settlement [Docket No. 356] by Plaintiffs Carlos Alvarez, Ana Blumberg-Markus, Susan Capozzoli, Andres Cruz, Eugene David, Patrick Grattan, Christopher Kennedy, Martin Kulman, Felipe Pazos, and Alberto Roque (collectively, "Plaintiffs" or "Class Representatives"), on behalf of themselves and all others similarly situated, and Defendant RBC Capital Markets, LLC ("RBC" or "Defendant") (together with Plaintiffs, the "Parties"). The Court has considered the Joint Stipulation and Settlement Agreement ("Stipulation") filed with the Court on August 16, 2011 [Docket No. 348], all exhibits attached thereto, and the submissions and arguments of counsel, and hereby finds and orders as follows:

1.  Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Stipulation.

2.  The Court has jurisdiction over the subject matter of this Litigation.

3.  The Court finds that the terms of the Settlement memorialized in the Stipulation, and filed with the Court, were negotiated at arm's-length and are finally approved as fair, reasonable and adequate in light of the factual, legal, practical and procedural considerations raised by this Litigation and orders that the Stipulation shall be consummated and implemented in accordance with its terms and conditions.

4.  Solely for the purpose of Settlement in accordance with the Stipulation, the Court finds that the Settlement Class satisfies the applicable standards for certification under Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b), and hereby certifies a class under Fed. R. Civ. P. 23 and a collective action 29 U.S.C. § 216(b), consisting of:

> All Securities Brokers who worked for RBC in the United States at any time between June 1, 2007 and July 1, 2010 and includes the Collective Opt-In Class[1] and the FLSA Settlement Class[2].

5.  The Court appoints, for settlement purposes only, Plaintiffs Carlos Alvarez, Ana Blumberg-Markus, Susan Capozzoli, Andres Cruz, Eugene David, Patrick Grattan,

---

[1] The Collective Opt-In Class includes all individuals who filed consent forms to participate in the Litigation as of October 19, 2010, and who did not otherwise withdrawn their consent forms, or submit an Election to Opt-Out of Settlement and Class Action Form.

[2] The FLSA Settlement Class includes all Class Members who did not previously file a consent form with the Court to participate in the Litigation and who are not members of the Collective Opt-In Class.

Christopher Kennedy, Martin Kulman, Felipe Pazos, and Alberto Roque as Class Representatives.

6.     The Court appoints, for Settlement purposes only, the law firms of Kessler Topaz Meltzer & Check, LLP, Rose, Klein & Marias, LLP, Thierman Law Firm, Lovell Stewart Halebian LLP, Berman DeValerio, and Lockridge Grindal Nauen PLLP, as Class Counsel.

7.     The Notices provided to Class Members as set forth in the Stipulation were the best practicable means of providing notice under the circumstances and constituted due and sufficient notice of the proposed Settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of FED R. CIV. P. 23, due process, the Constitution of the United States, the laws of Minnesota and all other applicable laws. The Notices were accurate, objective, informative and provided Class Members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

8.     No written objections to the settlement were received by the Court.

9.     After due consideration of Plaintiffs' likelihood of success at trial, the range of Plaintiffs' possible recovery, the complexity, expense and duration of the Litigation, and the state of proceedings at which the Settlement was achieved, the Court finds the Settlement to be fair, reasonable and adequate. In particular, in light of the significant possibility that Defendant could prevail on the merits based on one or more of the claimed defenses, it is clear that the Settlement falls well-within the range of settlement

terms that would be considered fair, reasonable and adequate.

10. The Claims Administrator shall cause the Settlement Amount to be disbursed in accordance with the Stipulation. Specifically, within twenty (20) calendar days of the Effective Date, the Claims Administrator shall mail to each Participating Claimant at his or her Last Known Address, or Updated Address if obtained, his or her individual payment in accordance with the Stipulation.

11. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and Class Representative Enhancement Awards to the Named Plaintiffs, and reimbursements of expenses, submitted pursuant to the Stipulation.

12. Upon the Effective Date and after Defendant has paid the entire Settlement Amount, the Class Representatives and each Member of the Settlement Class, including, but not limited to, all Participating Claimants, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released State Law Claims as defined in the Stipulation.

13. Upon the Effective Date and after Defendant has paid the entire Settlement Amount, the Class Representatives and each Participating Claimant, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released

Federal Law Claims as defined in the Stipulation.

14. Upon the Effective Date and after Defendant has paid the entire Settlement Amount, the Class Representatives shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Class Representatives' Released Claims as detailed in the Class Representative General Releases, with separate releases provided for each Class Representative's State, as provided for in the Stipulation.

15. In the event that the Effective Date does not occur, the Settlement and the Stipulation shall be deemed null and void and shall have no effect whatsoever. In such case, nothing in the Stipulation or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class action certification is or may be appropriate in this action or any other matter.

16. This Final Order and Judgment shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach or liability of any of the Parties.

17. This action is dismissed with prejudice. The Court hereby retains jurisdiction of all matters relating to the interpretation, implementation, effectuation and enforcement of the Stipulation. The Court further retains jurisdiction to enforce this Order.

IT IS SO ORDERED.

DATED: February 23, 2012            ____s/ John R. Tunheim_____
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                         United States District Judge